NO. 07-10-0019-CR
NO. 07-10-0020-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MAY 11, 2011

_____

SERENA ROJAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM CRIMINAL DISTRICT COURT TWO OF TARRANT COUNTY;

NOS. 1121706D & 1121491D; HONORABLE WAYNE SALVANT, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to open pleas of guilty, Appellant, Serena Rojas, was convicted of burglary of a habitation in cause number 1121706D[1] and aggravated assault with an affirmative finding on use of a firearm in cause number 1121491D.[2] Punishments were

---

[1] Tex. Penal Code Ann. § 30.02(a) (West Supp. 2010).

[2] Tex. Penal Code Ann. § 22.02(a)(2) (West 2003).

imposed at twenty years and twenty-five years confinement, respectively.[3]  The sentences were ordered to be served concurrently.  In presenting this appeal, counsel has filed an *Anders*[4] brief in support of a motion to withdraw.  We grant counsel's motion and affirm.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal.  *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex.Crim.App. 2008).  Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous.  *See High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978).  Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a pro se response if she desired to do so, and (3) informing her of the right to file a pro se petition for discretionary review.  *In re Schulman*, 252 S.W.3d at 408.[5]  By letter, this Court granted Appellant thirty days in which to exercise her right to file a response to counsel's brief, should she be so

---

[3]Originally appealed to the Second Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  Tex. Gov't Code Ann. § 73.001 (West 2005).  We are unaware of any conflict between precedent of the Second Court of Appeals and that of this Court on any relevant issue.  Tex. R. App. P. 41.3.

[4]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

[5]Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review.  *In re Schulman*, at 408 n.22 & at 411 n.35.

inclined.  *Id.* at 409 n.23.  Appellant did not file a response.  Neither did the State favor us with a brief.

The facts flowing from a guilty plea are minimal.  According to evidence presented at the sentencing hearing, Appellant, a drug addict, had been in trouble since she was very young.  While on trial for the underlying offenses, she was on probation for burglary.[6]  She and her younger brother, with whom she shared a very close relationship, committed offenses together to obtain money to support her drug habit.

During closing argument, the State argued that rehabilitation was not possible and observed escalation in the seriousness of the offenses committed by Appellant.  The State urged the trial court to impose a minimum sentence of forty years confinement.  Defense counsel argued for another chance for Appellant and the benefit of SAFP to overcome her drug habit.  The trial court noted that Appellant had proven she could not complete probation and imposed sentences of twenty and twenty-five years on the charged offenses.

Appellate counsel raises two arguable issues, to-wit: the trial court erred by (1) imposing a sentence exceeding the plea bargain offer of twenty years and (2) imposing cruel and unusual punishment.  Counsel then analyzes the issues and concedes no reversible error is presented.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  *See Penson v. Ohio*, 488

---

[6]At the sentencing hearing, Appellant's probation was revoked and she was adjudicated guilty of the burglary offense in cause number 1058663D.  That cause, however, is not on appeal before this Court.

U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).  After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.  *See Bledsoe v. State*, 178 S.W.3d 824 (Tex.Crim.App. 2005).

Accordingly, counsel's motion to withdraw is granted and the trial court's judgments are affirmed.


                                        Patrick A. Pirtle
                                        Justice

Do not publish.